IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:17-CR-00355 |
| v. | (Judge Brann) |
| MICHAIAH PATRICIA EVANS, | |
| Defendant. | |

**MEMORANDUM OPINION**

**AUGUST 13, 2020**

Currently pending before the Court is Michaiah Patricia Evans' motion for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A).[1] Evans contends that she is entitled to release to home confinement due to the COVID-19 pandemic and her particular susceptibility to the virus.[2] The Government opposes the motion.[3]

**I.    BACKGROUND**

In 2017, Evans was indicted for conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846, and possession with the intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1).[4] In 2018 Evans pled guilty, pursuant to a written a plea agreement,[5] to conspiracy to distribute a controlled substance and was sentenced to 60 months' imprisonment.[6] She is currently

---

[1]  Doc. 55.
[2]  *Id.*
[3]  Doc. 57.
[4]  Doc. 11.
[5]  Doc. 28.
[6]  Doc. 51.

incarcerated at the Federal Correctional Institution Tallahassee, located in Tallahassee, Florida.

Evans has now filed a motion for compassionate release.[7] In her motion, Evans asserts that she recently underwent surgery, which places her at a higher risk of serious illness or death should she contract COVID-19.[8] Although she does not raise it in her motion, Evans' medical records also reveal that she has been diagnosed with asthma.[9] The Government responds that no extraordinary and compelling basis exists to grant the motion and, in any event, the relevant 18 U.S.C. § 3553(a) sentencing factors militate against releasing Evans to at-home confinement.[10] This motion is ripe for consideration and, for the following reasons, Evans' motion will be denied.

## II.   DISCUSSION

"[A]s a general matter, a court cannot modify a term of imprisonment after it has been imposed without specific authorization."[11] Congress has provided courts with the authority to modify sentences through its enactment of 18 U.S.C. § 3582(c)(1)(A). That statute permits courts to reduce an inmate's sentence if the inmate has exhausted her administrative remedies[12] and if, as relevant here,

---

[7] Doc. 55.
[8] *Id.*
[9] Doc. 57-1 at 54.
[10] Doc. 57.
[11] *McMillan v. United States*, 257 F. App'x 477, 479 (3d Cir. 2007).
[12] The Government asserts that Evans has exhausted her administrative remedies. (Doc. 57 at 21-22). Because Evans' motion fails on its merits, the Court assumes, without deciding, that Evans has exhausted her administrative remedies.

"extraordinary and compelling reasons warrant such a reduction."[13] Courts must also consider the relevant § 3553(a) sentencing factors[14] and whether "the defendant is . . . a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."[15]

Congress has not defined the term "extraordinary and compelling." However, the Sentencing Guidelines define the term to include a terminal illness, or any non-terminal illness "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."[16] This definition is not, however, authoritative, as "[t]he Commission has not updated its policy statement to account for the changes imposed by the First Step Act, and the policy statement is now clearly outdated."[17] Thus, while "the Policy Statement provides useful guidance for district courts in assessing a defendant's eligibility for compassionate release, . . . it does not constrain a court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3852(c)(1)(A)."[18]

The relevant sentencing factors to consider under § 3553(a) include, *inter alia*, (1) "the nature and circumstances of the offense and the history and characteristics

---

[13] 18 U.S.C. § 3582(c)(1)(A)(i).
[14] *Id.*
[15] U.S. Sentencing Guidelines Manual § 1B1.13(2).
[16] USSG § 1B1.13, cmt. n.1(A).
[17] *United States v. Rodriguez*, __ F.Supp.3d __, __, No. 2:03-CR-00271-AB-1, 2020 WL 1627331, at *3 (E.D. Pa. Apr. 1, 2020).
[18] *United States v. Guzman*, No. 3:16-CR-85, 2020 WL 4515476, at *3 (M.D. Pa. Aug. 5, 2020) (brackets and internal quotation marks omitted).

of the defendant"; (2) "the need for the sentence imposed . . . to protect the public from further crimes of the defendant"; (3) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct"; and (4) "the need for the sentenced imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."[19] "The burden rests with the defendant to show that a reduction in sentence is proper."[20]

Here, Evans has not met her burden of establishing that extraordinary and compelling reasons weigh in favor of compassionate release. As an initial matter, the Court notes that the existence of COVID-19 cannot alone justify compassionate release. As the United States Court of Appeals for the Third Circuit has explained:

> We do not mean to minimize the risks that COVID-19 poses in the federal prison system, . . . But the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.[21]

Thus, to demonstrate extraordinary and compelling reasons for compassionate release, movants must show that they suffer from one or more ailments that render them more susceptible to serious injury or death should they contract COVID-19. The Court concludes that Evans has failed to make such a showing.

---

[19] 18 U.S.C. § 3553(a).
[20] *United States v. Rengifo*, No. CV 1:13-CR-00131, 2020 WL 4206146, at *2 (M.D. Pa. July 22, 2020).
[21] *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

First, although it is undisputed that Evans had a surgical procedure performed on her earlier this year, the Centers for Disease Control and Prevention ("CDC") does not list recent surgery as a factor that could increase an individual's risk for serious complications from COVID-19.[22] Moreover, Evans' medical records indicate that her surgery was successful, her incision healed well, a CT scan revealed no internal abnormalities, and she was cleared for normal activities.[23] Thus, Evans appears to have entirely recovered from her surgery, and her prior surgery cannot justify compassionate release.

Second, although it is equally undisputed that Evans suffers from asthma and has been prescribed Mometasone and an Albuterol emergency inhaler to help alleviate her symptoms,[24] Evans has not demonstrated that her asthma renders her more vulnerable to COVID-19.

The CDC lists moderate to severe asthma as a condition that may increase the risk for severe illness from COVID-19.[25] As other courts have discussed, "one has 'moderate asthma' where the individual suffers from daily symptoms, experiences nighttime awakenings more than once a week, uses an albuterol rescue inhaler on a

---

[22] *See* Centers for Disease Control and Prevention, *Coronavirus Disease 2019, People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Aug. 12, 2020). The only surgeries that may increase one's risk from COVID-19 are solid organ transplants or blood or bone marrow transplants.
[23] Doc. 57-1 at 2, 3, 6, 10, 69.
[24] *See* Doc. 57-1 at 51, 53.
[25] Centers for Disease Control and Prevention, *Coronavirus Disease 2019, People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Aug. 11, 2020).

daily basis, and experiences some limitation of normal activities."[26] Evans has not established that she suffers from moderate to severe asthma, and the medical records do not establish any of the four diagnostic factors for moderate asthma. There is no evidence that Evans experiences daily asthma symptoms or must use her rescue inhaler daily, or that she experiences any nighttime awakenings or limitation in her normal activities.

To the contrary, Evans' medical records reveal that, while she has been prescribed an emergency inhaler, she did not need to use it as frequently after she began using Mometasone, and one of her inhalers remained unopened approximately three months after it was prescribed.[27] The records also show that, as of February 2020, Evans' asthma was stable with no recent asthma attacks and no coughing, wheezing, or shortness of breath.[28] These rather unremarkable records demonstrate that Evans' asthma is well-controlled, the Court therefore concludes that Evans has not shown that she suffers from moderate or severe asthma, as is her burden.[29] Accordingly, the Court finds that Evans' asthma does not render compassionate release appropriate.[30]

---

[26] *United States v. Smith*, No. CR 9-187, 2020 WL 4047485, at *3 (W.D. Pa. July 20, 2020).
[27] Doc. 57-1 at 25, 27.
[28] *Id.* at 20. Evans did experience an asthma attack in September 2019 as a result of seasonal allergies. *Id.* at 36, 42.
[29] *Rengifo*, 2020 WL 4206146, at *2.
[30] *See United States v. Guzman*, No. 3:16-CR-85, 2020 WL 4515476, at *4 (M.D. Pa. Aug. 5, 2020) (finding asthma insufficient to grant compassionate release where movant was prescribed only an inhaler that was used twice per week, movant was never hospitalized for the condition, and examinations were normal); *United States v. Zaffa*, No. CR 14-050-4, 2020 WL 3542304, at *2 (D.N.J. June 29, 2020) (asthma is insufficient "to meet the 'extraordinary

The Court is sympathetic to Evans' situation, and the risk of harm or death from COVID-19 is a serious issue. However, Evans has not demonstrated that she suffers from any health condition that increases her susceptibility to severe complications should she contract COVID-19. In the absence of any such comorbidity, the Court simply cannot find that extraordinary and compelling reasons exist to grant Evans' motion.

### III.   CONCLUSION

For the foregoing reasons, Evans' motion for compassionate release will be denied.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

and compelling' threshold" absent "concurrent risk factors (e.g. age or inclusion in another high-risk category)"); *United States v. Mazzo,* 2020 WL 3410819 (D. Conn. June 22, 2020) (asthma insufficient to demonstrate extraordinary and compelling reasons despite movant's use of multiple inhalers because condition was well-controlled); *United States v. Wheeler*, 2020 WL 2801289, at * 3 (D.D.C. May 29, 2020) (mild asthma does not constitute an extraordinary and compelling reason to grant compassionate release).